UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-22952-CIV-SEITZ/SIMONTON

LEE SILBER

    Plaintiff,

v.

RADIOSHACK

    Defendant.
_____/

## OPINION AND ORDER TO SHOW CAUSE

THIS MATTER is before the Court upon the Complaint filed *pro se* by Lee Silber against Radio Shack on August 16, 2011. [DE-1]. Silber has also filed a motion to proceed *in forma pauperis*. [DE-3]. In its entirety, the Complaint provides as follows:'

> I, Lee Silber, in the above styled cause, sue Radio Shack for $1,000,000's as they (the manger) kicked me out of there store for just talking!!! They denien me my 1st and 11th amendment rights your honor!!! This will be proved under perjury!!!

Compl., p, 1 [DE-1](spelling and grammatical errors in original). This lawsuit represents Silber's fourth attempt in the last year to sue RadioShack for denying his constitutional rights. *See Silber v. RadioShack, et al.*, No. 11-22085-Lenard (S.D. Fla. June 17, 2011); *Silber v. RadioShack, et al.*, No. 11-20134-King (S.D. Fla. Jan. 18, 2011); and *Silber v. RadioShack*, No-24153-Ungaro (S.D. Fla., Nov. 23, 2010). All of the prior suits were filed *in forma pauperis* and all were dismissed as frivolous or for failing to state a claim. *See id.* Like the three prior cases, this suit is also frivolous and fails to state a claim for relief. 28 U.S.C. § 1915(e)(2); *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988)("the protections of the

Fourteenth Amendment do not extend to private conduct abridging individual rights.").[1]

Silber is no stranger to this Court. He has a long history of filing frivolous litigation, *see Silber v. Hooters*, No. 98-6139-Lenard (S.D. Fla. Feb. 13, 1998)(dismissing as frivolous a claim for $500 trillion in damages against Hooters), and to label him a frequent filer may be an understatement (Silber initiated eleven lawsuits in this District on August 16, 2011). The right of access to the courts, however, is neither absolute nor unconditional. *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 516 (11th Cir. 1991). The goal of fairly dispensing justice is compromised when the Court is forced to devote limited resources to processing repetitious and frivolous claims. *In re Sindram*, 498 U.S. 177, 180 (1991). As the Supreme Court has noted, filing fees in theory discourage frivolous law suits and thus help allocate judicial resources to more meritorious cases. *See In re McDonald*, 489 U.S. 180, 184 (1989); *see also Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986) (en banc) ("Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate, or the judge"). For these reasons, the Eleventh Circuit has countenanced the reimposition of financial considerations in the form of filing fees on indigent litigants as "one way the courts can fulfill their constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008)(quotations omitted).

Silber has repeatedly filed the same frivolous lawsuit against RadioShack without prepaying filing fees. This Court will no longer sit by as Silber abuses his access to the judiciary

---

[1] The application to proceed *in forma pauperis* also represents an improper attempt to circumvent the three prior denials of that application by other Judges from this District. S.D. Fla. L. R. 7.1(f).

and conjures up yet another multi-million dollar constitutional affront by RadioShack. The circumstances of this case, in light of Silber's litigation history, establishes the need to reimpose filing fees against Silber. Accordingly, Silber shall show cause in writing why the Court should not enjoin him from filing future *pro se* lawsuits against RadioShack. The injunction shall prohibit Silber from filing suit without the prepayment of filing fees against RadioShack based on the denial of constitutional rights occurring prior to August 2011. It is therefore

ORDERED that

(1) Lee Silber shall show cause in writing on or before **August 30, 2011**, why this case should not be dismissed as frivolous and for failing to state a claim.

(2) Lee Silber shall show cause in writing on or before **August 30, 2011**, why he should not be enjoined from filing any further *pro se* lawsuits against RadioShack as set forth above.

(3) **Failure to respond to this Order or demonstrate good cause will result in the dismissal of this case and the entry of the injunction described above.**

DONE and ORDERED in Miami, Florida this 17th day of August, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
All Counsel of Record and *pro se* parties